## A. L. CARTER LUMBER CO. v. STRING-FELLOW et al.  (No. 1483.)

Court of Civil Appeals of Texas. Beaumont.
April 21, 1927.

Sales ⚙₂₃181(1)—Materialman, suing for extra material, must show full delivery under contract, where buyer claims all material was received thereunder.

Lumber company, suing for extra materials, must show delivery of all material contracted to be furnished to the same parties, where defendants allege and introduce evidence to show that all deliveries were under the original contract.

Appeal from Jefferson County Court; C. N. Ellis, Judge.

Action by the A. L. Carter Lumber Company against W. J. Stringfellow and another. Judgment for defendants, and plaintiff appeals. Affirmed.

Minor & Lipscomb, of Beaumont, for appellant.
Blain & Jones, of Beaumont, for appellees.

WALKER, J. Appellant, plaintiff below, alleged that it sold appellees, husband and wife, defendants below, a certain bill of lumber and other building material for future delivery, for which they contracted to pay, and did pay, $2,200, by executing their note for that sum, secured by a deed of trust. After detailing that contract, appellant further alleged "plaintiff does not now here sue on said note, but this action is brought to recover extra millwork * * * and extra lumber, building material, and supplies," etc., which it alleged was furnished appellee in addition to that furnished under the $2,200 contract. An itemized statement of this extra material was attached to plaintiff's petition, amounting to $437.90, for which it prayed judgment. While appellees pleaded alternative answers, they raised the issue that all material bought by them from appellant was under the $2,200 contract, by the terms of which they had the right to return all material not used, with due credits therefor, and to secure all extra material needed, which was to be charged against them. The evidence of appellant went only to the extent of showing the amount of extra material furnished appellees, without showing a delivery of the material called for in the $2,200 contract. Appellees' evidence tended to show the return of more than $100 worth of material for which they had not been credited. On due motion, the trial court filed its conclusions of fact and law, but rested its judgment on the following conclusion of law:

"Conclusion of Law.

"I conclude as a matter of law that it was necessary, before it would be entitled to recover any sum whatsoever on the claim for extra

material furnished, to show that it had complied with its contract and had furnished all of the material contracted to be furnished to the value of $2,200, and that the plaintiff failed to show the delivery of the material contracted to be furnished, or that it furnished any additional material over and above that contracted to be furnished to defendants. I further conclude, therefore, that the defendants are entitled to judgment in their favor to the effect that plaintiff take nothing by its suit."

This conclusion of law follows the theory of the case as pleaded by appellees, and, as there was evidence to the effect that all material furnished by appellant to appellees was under the terms of the original contract, by which appellant agreed to furnish and to deliver to appellees all material listed therein, with due credit for all material not furnished or returned, and proper charges for all extra material, and as there was no evidence of the amount of material actually furnished by appellant under this contract, the conclusion of law has full support in the issues of fact raised by the evidence. It follows that the judgment of the trial court in favor of appellees must be affirmed.

Affirmed.